UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-1980**

———————

HSIEH LEWIS,

        Plaintiff - Appellant,

    v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

        Defendant – Appellee,

    and

KRATOS DEFENSE & SECURITY SOLUTIONS, INC.; CIGNA
CORPORATION,

        Defendants.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. T. S. Ellis, III, Senior
District Judge. (1:12-cv-01012-TSE-TCB)

———————

Submitted: May 30, 2014        Decided: July 3, 2014

———————

Before WILKINSON, KING, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Michael Hannon, HANNON LAW GROUP, Washington, D.C., for
Appellant. Walter L. Williams, WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP, McLean, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hsieh Lewis appeals from the district court's order granting summary judgment to Life Insurance Company of North America ("LICNA") in her civil action alleging breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") based on LICNA's denial of her claim for benefits under her husband's employer-sponsored life insurance policy. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of

[the non-moving party's] case." (internal quotation marks omitted)).

After review of the record and the parties' briefs, we conclude that the district court did not reversibly err in granting summary judgment to LICNA. Under the plain language of the policy, see Wheeler v. Dynamic Eng'g, Inc., 62 F.3d 634, 638 (4th Cir. 1995), Lewis' husband was not entitled to benefits. We also reject as meritless and unsupported by the evidence Lewis' arguments that LICNA was bound by an eligibility determination made by her husband's employer and that the life insurance policy was ambiguous and should have been construed in her favor.

Accordingly, we affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] In view of our disposition, we need not address LICNA's alternative argument that Lewis' claim for relief under the ERISA was barred by her failure to exhaust administrative remedies.

4